**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-10339

_____


R. L. BRYANT,

                                    Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
   CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

_____

Appeal from the United States District Court
      for the Northern District of Texas
                (4:90-CV-53-E)

_____

                     May 21, 1997

Before DAVIS, SMITH, and DUHÉ, Circuit Judges,

W. EUGENE DAVIS, Circuit Judge:[*]

    R.L. Bryant appeals the denial of his petition for a writ of
habeas corpus filed under 28 U.S.C. § 2254.  We affirm.

                         I.

    On May 14, 1982, two armed men robbed a bank in Mineral Wells,
Texas.  Cindy Carpenter, the bank's branch manager, was shot in the
arm during the robbery and later identified Bryant as the gunman.

---

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Ronnie Berkins, the other eyewitness to the crime, identified Bryant as the gun carrying robber who spoke to him during the commission of the crime.

Bryant was indicted for the crime by a grand jury in Palo Pinto, Texas. Bryant was later arrested and detained in Oakland, California, for a parole violation unrelated to this case. Texas moved for Bryant's extradition from California. The Alameda County Public Defender's Office represented Bryant in the extradition proceedings. As a part of its representation, the public defender's office investigated Bryant's whereabouts on the day of the robbery. Several people, including Bryant's employer, Stanley Woods, reported to Bryant's counsel that Bryant was in California at or near the time of the robbery. The Oakland Municipal Court refused to extradite Bryant to Texas. In the summer of 1982, Bryant was arrested as a suspect in a murder case in California but those charges were dropped. Texas again moved to extradite Bryant. The Hayward Municipal Court extradited Bryant to Texas to stand trial for aggravated robbery of the Mineral Wells Bank.

John D. Moore ("Moore") was appointed to represent Bryant. At their first meeting, Bryant gave Moore a letter outlining his defense strategy. In the letter, Bryant, among other things, asserted that he could prove that he was in California on the date of the robbery. In support of this claim, Bryant stated that he had "material witnesses" located in four states that must be subpoenaed to testify at trial. Moore requested that Bryant

disclose the names and addresses of the witnesses. Bryant, however, did not disclose the names of any "material witnesses" until the pre-trial hearing, three days before trial. Indeed, in his correspondence and meetings with Moore leading up to the pre-trial hearing, Bryant focused on various collateral actions and motions he wanted to bring, not on the establishment of an alibi defense.

At the pre-trial hearing, Bryant named Stanley Woods, Harold Wilson, and Teresa Wilson as witnesses that could testify they saw Bryant in California on or around May 14, 1982. Moore, however, did not contact any of the named witnesses before the trial began three days later, nor did he, as Bryant suggested, contact the public defender in California about alibi witnesses. Bryant filed a pro se motion for a continuance so he could try and get his witnesses from California. The court denied the motion.

At trial, both Carpenter and Berkins, the eyewitnesses, identified Bryant as the robber. Bryant was convicted and given a life sentence. The intermediate Texas Court of Appeals affirmed Bryant's conviction, and Bryant did not seek discretionary review from the Texas Court of Criminal Appeals. Bryant later exhausted his state habeas remedies and obtained no relief in the Texas courts.

Bryant petitioned for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254. He claimed that he received ineffective assistance of counsel and he challenged the identification

3

procedures used to identify him as one of the robbers. The district court conducted an evidentiary hearing on Bryant's claims of ineffective assistance and improper identification. The district court concluded that Bryant received effective assistance of counsel and denied Bryant's petition.

Bryant then lodged an appeal in this court arguing that Moore was ineffective for failing to investigate alibi witnesses, not interviewing the eyewitnesses to the robbery, and not interviewing Bryant's codefendant, Charles Marsaw. Finding Moore's performance to be deficient, this court reversed and remanded the case to the district court with directions to determine whether Moore's errors had prejudiced Bryant. Bryant v. Scott, 28 F.3d 1411 (1994).

Following remand, the district court reviewed the record, concluded that Bryant was not prejudice by Moore's errors, and denied Bryant's petition. After Bryant filed a motion for reconsideration, the court stayed its earlier judgment and permitted Bryant to take the depositions of his alibi witnesses.

The district court thereafter held a hearing and reviewed the entire record in light of the new evidence presented at the hearing. The court found that the alibi witnesses were unworthy of belief because their deposition testimony was riddled with inconsistencies and improbabilities. The court issued a meticulous memorandum opinion and order detailing its findings and conclusions rejecting Bryant's claim of prejudice and dismissing his petition. Bryant then lodged this appeal.

4

II.

We review the district court's fact findings, including credibility determinations, for clear error and independently review the conclusion that Bryant was not prejudiced by Moore's errors.  See Fed. R. Civ. P. 52(a); Nealy v. Cabana, 764 F.2d at 1173, 1176-7 (5th Cir. 1985).  See also Sullivan v. Fairman, 819 F.2d 1382, 1392-3 (7th Cir. 1987)(petitioner alleged he was prejudiced by counsel's failure to call an eyewitness; the court noted that it must accept the district court's factual finding that the witness appeared credible unless it was clearly erroneous); Smith v. Jago,888 F.2d 399 (6th Cir. 1989)(stating that a state court's finding that an exculpatory witness was not credible is a subsidiary fact finding and thus given great deference).

The sole issue in this appeal is whether the district court erred in concluding that Moore's errors did not prejudice Bryant. Strickland v. Washington, 104 S. Ct. 2052 (1984), defines prejudice in this context:  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 2070; Nealy v. Cabana, 764 F.2d 1173, 1176(5th Cir. 1985).  In assessing whether the unproduced evidence undermines confidence in Bryant's conviction, we must evaluate the effect of that evidence on the verdict.  As noted above, the state's case against Bryant was based primarily on the

5

eyewitness testimony of Carpenter and Berkins, both of whom identified Bryant as the robber before trial, and again from the witness stand.

The question for decision narrows to whether the testimony of the potential alibi witnesses undermines confidence in the jury's guilty verdict. In its meticulous memorandum opinion and order, the district court carefully evaluated all the evidence produced by Bryant and found the credibility of the witnesses wanting.

The record strongly supports the conclusion that Harold Wilson, Teresa Wilson and Stanley Woods, on whose testimony Bryant most strongly relies, have serious credibility problems and a jury would likely give little weight to their testimony. Harold Wilson, who has been in prison at least three times, chose not to be deposed when given the opportunity to appear in his home town on behalf of Bryant in 1995. So all Bryant offers to show that Wilson's testimony would support his alibi defense are bald, conclusory statements with no detail that would permit verification.

Teresa Wilson's memory of the events of May 14, 1982, has inexplicably improved each time she has given a statement about what she would have testified to at trial; her deposition includes a great deal of detail about May 14, 1982, that she earlier claimed not to remember.

Woods' veracity is even more suspect. In his deposition testimony, he contradicts and disagrees with earlier statements he

6

made about Bryant's work for Woods.

Charles Marsaw is currently in prison for his role in the Mineral Wells bank robbery. Bryant has offered no evidence to challenge the court's finding that Marsaw's deposition testimony is false in many respects and a result of collusion between Bryant and Marsaw in an attempt to create an alibi for Bryant.

Accepting the district court's credibility findings with respect to Bryant's potential alibi witnesses, which are fully supported by the record, we conclude that the district court correctly concluded that Bryant failed to show that his counsel's errors prejudiced him.

**AFFIRMED.**